T. & P. R'y Co. v. Mary Burnes.

(No. 822.)

Evidence.— Depositions when on file for more than one entire day before trial commences, no objection to the form or manner of taking can be heard unless in writing, with notice before trial begins; motions, when disposed of.

Negligence, gross, defined.

Appeal from Tarrant county. Opinion by Watts, J.

Statement.— On August 12, 1881, appellee brought this suit against appellant, alleging in substance that she is a *fœme sole* and resides in the state of Ohio, and that appellant owned and operated a railroad from Ft. Worth to Baird; was running a great many trains over its road daily transporting heavy machinery and construction material, all of which required great skill and care on the part of appellant for the protection of its servants; and that Frank P. Burnes was a locomotive engineer employed by appellant, and that on June 17, 1881, he was required to draw a train of freight cars from Ft. Worth to Baird, and while so engaged, and under the orders and control of defendant, and while filling the tank with water according to requirements of appellant, three miles east of Baird, at 3 o'clock in the morning, and while very dark, the said Frank P. Burnes was cruelly, wantonly, recklessly and negligently killed by appellant as set forth.

Appellee alleged that there was a very heavy grade from the water-tank to Baird, and that the road curved within three or four hundred feet of the tank, so approaching objects could not be seen until very close; that the appellant's yard and side-track at Baird is on a steep hillside, inclining eastward towards the tank; that the appellant negligently and wantonly placed its side-track upon such steep hillside and without proper regard for the safety of its employees; also that the appellant used a dangerous switch known as the split switch, so that any car escaping from the side-track could run through the switch on to the main track;

that appellant had a number of cars on the side-track lacking brakes and appliances to make them safe; that eleven cars loaded with railroad iron, aggregating one hundred and thirty-two tons on wheels, so placed on the side-track by appellant, which by reason of the want of the proper appliances to make them safe and keep them on the side-track, escaped therefrom and by their own specific gravity ran through the split switch and with accelerating speed down the steep hill ran into the locomotive on which Frank P. Burnes was employed, with such great force as to drive the rails full length through the boiler, thus smashing and scalding him to death — scalding the flesh from his bones.

Appellee alleged she was a poor woman, not able to support herself; that Frank P. supported her; was advanced in years; claiming $25,000 actual damages, and $30,000 exemplary damages.

Appellant filed a plea to the jurisdiction (which was afterwards waived), special demurrer to claim for exemplary damages, a general denial, and plea of contributory negligence. Court overruled appellant's special exceptions, and the cause was called regularly for trial September 11, 1882. Jury returned a verdict for plaintiff for $5,000 actual damages and $2,500 exemplary damages. Defendant filed a motion for new trial, which was overruled; but before the court acted on the motion, plaintiff entered a *remittitur* of $1,500 actual and $1,000 exemplary damages.

It is urged that the court erred in refusing to suppress the depositions of appellee and her son George Burnes. This motion was filed after appellee had announced ready for trial. The depositions had been on file six months. R. S., art. 2235; also art. 4541, R. S., and art. 1454, R. S.

Opinion.— When the several provisions of the statute quoted above are considered in connection with rule 23, 47 Tex., 621, it appears with sufficient certainty that, when the depositions have been on file for more than one entire day before the trial, the motion to suppress the same must be

filed and notice given before the case is called for trial, and the motions disposed of before either party has announced ready for trial on the merits. Before announcing upon the merits, the party has a right to have such motions disposed of, so that if sustained, and his evidence suppressed, he can act advisedly in making his announcement. Appellee having announced ready upon the evidence, to which no objection had then been made, and without any notice that any such objections would be urged, could not therefore be deprived of the benefit of that evidence on account of the form or manner of taking.

We believe the court erred in admitting, over the objection of defendant, evidence as to the improvement made at that point after the injury.

As to the charge of " gross negligence," the most approved definition of the term is that given by Judge Story in his work on Bailments, section 17, and which is generally adopted: " Gross negligence is the want of slight care and diligence."

Upon the evidence as disclosed by the record, the court erred in submitting the question of exemplary damages to the jury.

The correct rule for measuring the damages in this class of cases is the probable amount that the deceased would have contributed to the appellee had he not lost his life by reason of the accident. In determining the amount, the age and probable length of time the mother would live, as well as that of the son had he not been killed in the wreck, and the probability of his continuing to make such contribution had he lived, should be taken into consideration. In respect to the rule for the measure of damages, the charge of the court is such as probably to mislead the jury.

REVERSED AND REMANDED.